IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fonnelze T. Delane,<br><br>      Petitioner,<br><br>v.<br><br>Shane Jackson, Warden of Lee Correctional Institution,<br><br>      Respondent. | Case No. 5:24-cv-05907-SAL<br><br><br><br>**ORDER** |

  Fonnelze T. Delane ("Petitioner") is an inmate at Lee Correctional Institution of the South Carolina Department of Corrections. He filed this counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1.] Warden Shane Jackson ("Respondent") moves for summary judgment. [ECF No. 16.] Petitioner opposes the motion, ECF No. 21, and Respondent has replied, ECF No. 22.

  This matter is before the court on the Report and Recommendation ("Report") issued by United States Magistrate Judge Kaymani D. West, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), recommending that Respondent's motion be granted. [ECF No. 25.] Petitioner objects to portions of the Report and its ultimate recommendation. [ECF No. 26.] Respondent opposes his objections. [ECF No. 27.] For the reasons below, the court overrules Petitioner's objections and adopts the Report, and Respondent's motion for summary judgment is granted.

**I. LEGAL STANDARDS**

  **A. Review of a Magistrate Judge's Report**

  The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* at 460. If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* But "[i]n the absence of *specific* objections . . . , this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

B.   **Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of proving to the court that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it "might affect the outcome of the suit

under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

## II.   DISCUSSION

### A.   The Report

The magistrate judge issued a thorough and well-reasoned Report, recommending Respondent's motion be granted. [ECF No. 25.] The Report sets forth in detail the relevant facts and standards of law, and the court incorporates the same with only a synopsis of the relevant facts.

#### 1.   Factual Background

On October 7, 2013, Petitioner pleaded guilty in state court to two counts of accessory before the fact to murder and two counts of distribution of cocaine base, third offense. *See id.* at 1–4. Judge Thomas A. Russo sentenced him to life imprisonment the next day. *Id.* at 4. Petitioner did not file a direct appeal within the ten-day window set forth in Rule 203(b)(2), SCACR. *Id.*; Rule 203(b)(2), SCACR (notice of appeal must be served within ten days following sentencing).

On February 10, 2014, Petitioner filed an application for post-conviction relief ("PCR"). [ECF No. 25 at 4.] A PCR evidentiary hearing was held before Judge Michael G. Nettles on January 30, 2018. *Id.* Judge Nettles entered an order ("Judge Nettles's Order") dismissing the PCR application on October 8, 2018. *Id.* at 4–5. Petitioner did not appeal the decision within the thirty-

day period set forth in Rule 203(b)(1), SCACR. *Id.* at 11; Rule 203(b)(1), SCACR (notice of appeal must be served within thirty days following entry of order or judgment).

On February 7, 2019, Petitioner filed a second PCR application and an *Austin*[1] petition seeking permission to file a late appeal of Judge Nettles's Order on the ground that he never received notice of its filing. *See* ECF No. 15-1 at 194–208. On April 15, 2020, Judge Craig Brown issued a consent order granting belated appellate review ("Judge Brown's Order"). *Id.* Then, on January 31, 2021, Petitioner filed an *Austin* petition for writ of certiorari in the South Carolina Supreme Court, seeking appeal of Judge Nettles's Order. *See* ECF No. 15-2. The following day, he filed a petition for writ of certiorari on Judge Brown's Order. *See* ECF No. 15-3.

The South Carolina Supreme Court transferred the petitions to the South Carolina Court of Appeals. The court of appeals granted a petition for writ of certiorari from Judge Brown's Order, dispensed with further briefing, conducted an *Austin* review of Judge Nettles's Order, and denied the petition for certiorari. *See* ECF No. 15-5. This petition followed on October 16, 2024. [ECF No. 1.]

## 2.     Timeliness of Petition

Since Petitioner filed this petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998); *see generally Lindh v. Murphy*, 521 U.S. 320 (1997). Under the AEDPA, "[a] 1-year period of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This limitation period runs from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] *Austin v. State*, 409 S.E.2d 395 (S.C. 1991).

4

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). Under subsection (A),[2] the limitation period starts running "when direct review of the state conviction is completed or when the time for seeking direct review has expired, . . . unless one of the circumstances enumerated [in subsections (B)–(D)] is present." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). This means, in the context of 28 U.S.C. § 2244(d)(1)–(2), the time that elapses between completion (or expiration) of

---

[2] The Supreme Court has interpreted the two prongs of 28 U.S.C. § 2244(d)(1)(A) as follows:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because [the petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

direct review and commencement of state post-conviction review counts toward the one-year limitation period. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000).

Applying these rules, Petitioner had the opportunity to timely file his federal habeas corpus petition, but he did not do so. The magistrate judge detailed the running of the statute of limitations and why the petition is ultimately time-barred as follows:

> Because Petitioner did not appeal his October 7 and 8, 2013, guilty pleas and sentences, his conviction became final on October 18, 2013—ten days after he tendered his guilty pleas and was sentenced. *See* SCACR 203(b)(2) (notice of appeal must be served within ten days following sentencing). His time to file a § 2254 habeas petition began to run the following day, October 19, 2013. Petitioner's filing of his first PCR application on February 10, 2014, tolled the one-year limitations period, *see* 28 U.S.C. § 2244(d)(2). At this time, 114 days had elapsed, leaving 251 days that Petitioner could timely file a federal habeas petition. The period of limitations was tolled during the pendency of the 2014 PCR action. The PCR court issued its order dismissing Petitioner's PCR action on October 8, 2018[.] As no appeal was filed from this order, this decision became final on November 7, 2018—thirty days after the entry of the order—pursuant to Rule 203(b)(1), SCACR. *See, e.g., Allen v. Mitchell*, 276 F.3d 183, 185 (4th Cir. 2001) (indicating that the statute of limitations is tolled pursuant to § 2244(d)(2) during the "Appeal Period," which is defined as "the interval between the lower court decision and the deadline for seeking review") (citing *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999)). At that time, there were 251 days of statutory time remaining, which means Petitioner had until July 16, 2019, to file a timely federal habeas corpus.
>
> Petitioner filed his second PCR application on February 7, 2019. At that point, an additional 92 [] days of non-tolled time had accrued since the order from the 2014 PCR action became final.[3] The period of limitations was tolled during the pendency of the 2019 PCR action until, at the very latest, March 21, 2024, upon the filing of the remittitur in Florence County after the Court of Appeals denied the petition for writ of certiorari. *See* ECF No. 25-9.[4] At this time Petitioner had 159

---

[3] "Even though the state appellate court granted Petitioner's 2019 PCR application for a belated appeal pursuant to *Austin* from the denial of his 2014 PCR application, this does not entitle Petitioner to toll the time between the two PCR actions." [ECF No. 25 at 12 n.3 (citing *McHoney v. South Carolina*, 518 F. Supp. 2d 700, 705 (D.S.C. 2007); *Hepburn v. Eagleton*, C/A No. 6:11-2016-RMG, 2012 WL 4051126, at *3 (D.S.C. Sept. 13, 2012).]

[4] "South Carolina district courts have offered varied opinions on whether (1) the decision date, (2) the remittitur date, or (3) the date of receipt of the remittitur controls for purposes of calculating the statute of limitations." [ECF No. 25 at 12 n.4 (citing *Smith v. Warden, Lieber Corr. Inst.*, No.

> days remaining—until August 27, 2024—to file a timely federal habeas petition. The instant Petition was filed on October 26, 2024, approximately two months after the expiration of the statute of limitations period.

[ECF No. 25 at 11–13.] The magistrate judge rejected Petitioner's argument that equitable tolling should apply, *see id.* at 13–14, and recommended that his petition be dismissed as untimely, *id.* at 15. This court agrees.

### B.   Petitioner's Objections

Petitioner objects to the Report on three primary grounds. First, he argues that the magistrate judge erred in concluding that his petition is time-barred. *See* ECF No. 26 at 1–2. Second, he argues that he is entitled to equitable tolling even if his petition is untimely. *See id.* at 2–3. Finally, he argues that dismissing his petition on procedural grounds "would unfairly insulate the state court's constitutional errors from federal review." *See id.* at 3–4. Each objection is overruled for the reasons that follow.

#### 1.   Timeliness

According to Petitioner, "[b]ecause [he] was entitled to—and received—belated review of his PCR denial, the limitations period under AEDPA did not begin until the conclusion of that appellate process." *Id.* at 2. He argues that the appellate process ended when the court of appeals denied his petition for writ of certiorari on February 27, 2024, so the magistrate judge erred by treating October 18, 2013,[5] as the final judgment date for tolling purposes. *Id.*

---

4:13-3090-BHH, 2014 WL 5503529, at *6 (D.S.C. Oct. 30, 2014); *Johnson v. Warden, Lee Corr. Inst.*, No. 2:14-cv-0768 DCN, 2015 WL 1021115, at *9 (D.S.C. Mar. 9, 2015); *Beatty v. Rawski*, 97 F. Supp. 3d 768, 780 (D.S.C. 2015).] Here, the magistrate judge used the remittitur date in calculating the statute of limitations, thus giving Petitioner the benefit of the later date.

[5] Petitioner actually states, "[t]he R&R errs by treating the October 2018 PCR order as the final judgment for tolling purposes." [ECF No. 26 at 2.] Either this is a typo, or Petitioner misunderstands the Report, which explained that "his conviction became final on October 18, 2013." *See* ECF No. 25 at 11.

Petitioner relies on *Carey v. Saffold*, where the Supreme Court explained that "until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" 536 U.S. 214, 220 (2002). Petitioner asserts that since his PCR did not reach "final resolution" until after his *Austin* petition was addressed, the limitation period remained tolled during the pendency of his state post-conviction proceedings, including the belated appeal period. [ECF No. 26 at 2.] But this court has previously rejected the same argument:

> The fact that Petitioner was granted a belated PCR appeal does not entitle him to toll the time between the PCR actions. *See McHoney v. South Carolina*, 518 F. Supp. 2d 700, 705 (D.S.C. 2007) (finding that no collateral action was "pending," as defined by the AEDPA, during the time between the state court's initial denial of the PCR application and its allowance of a belated appeal of that PCR application); *Hepburn v. Eagleton*, No. 6:11–cv–2016–RMG, 2012 WL 4051126, at *3 (D.S.C. Sept. 13, 2012) (same); *see also Evans v. Chavis*, 546 U.S. 189, 192 (2006) ("[T]he time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law.") (emphasis original); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court.").

*Young v. Kendall*, 9:24-cv-00236-JFA, 2025 WL 590311, at *5 (D.S.C. Feb. 24, 2025). Consistent with the above authority and for the reasons explained in the Report, the magistrate judge correctly concluded that the petition is time-barred. Petitioner's objection is therefore overruled.

### 2. Equitable Tolling

Petitioner argues that even if his petition is otherwise time-barred, he is entitled to equitable tolling under *Holland v. Florida*, 560 U.S. 631 (2010). [ECF No. 26 at 2–3.] The *Holland* Court explained that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." 560 U.S. at 649 (quotations omitted). According to Petitioner, "[he] diligently pursued state court remedies but was thwarted by PCR counsel's failure to file a timely

8

notice of appeal." [ECF No. 26 at 3.] He contends this "ineffective assistance of PCR counsel" represents "a classic case of extraordinary circumstances." *Id.* In support of his argument, Petitioner cites *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (en banc), *cert. denied*, 541 U.S. 905 (2004). There, the Fourth Circuit explained that equitable tolling "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 246 (quoting *Harris*, 209 F.3d at 330).

The magistrate judge applied these authorities to the facts of Petitioner's case and found his equitable tolling arguments to be meritless. *See* ECF No. 25 at 13–14. The court agrees with her conclusion.

An attorney's failures generally do not constitute "extraordinary circumstances" sufficient to warrant equitable tolling. *See, e.g., Harris*, 209 F.3d at 330 (concluding mistake by counsel regarding calculation of limitations period did not warrant equitable tolling).[6] And, in any event, Petitioner has failed to show that he has been diligently pursuing his rights. As noted in the Report, he had approximately five months to timely file his federal habeas corpus petition following the dismissal of his *Austin* appeal of his 2014 PCR application. [ECF No. 25 at 14.] But Petitioner failed to do so and offers no explanation why. *Id.* Petitioner's objection is thus overruled.

---

[6] *See also, e.g., McHoney*, 518 F. Supp. 2d at 706 (holding counsel's mistaken failure to file timely notice of appeal did not justify equitable tolling); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (holding lawyer's miscalculation of limitations period not a valid basis for equitable tolling); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to toll limitations period where prisoner's delay was allegedly caused by lawyer's decision to mail petition rather than using some form of expedited delivery); *Fisher v. Johnson*, 174 F.3d 710, 714–15 (5th Cir. 1999) (refusing to toll where access to legal materials that would have given notice of limitations period was delayed); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (same); *Gilbert ex rel. Gilbert v. Sec'y of Health & Hum. Servs.*, 51 F.3d 254, 257 (Fed. Cir. 1995) (holding lawyer's mistake not a valid basis for equitable tolling).

### 3. Purpose of Habeas Review

Petitioner contends that "[t]o deny a federal hearing based on a contested limitations calculation—despite compelling constitutional claims—would frustrate the central purpose of habeas review." [ECF No. 26 at 4.] The court need not reach the merits of this general, policy-based argument, which raises no specific objection to the Report. Still, the court notes that while Petitioner contests the manner in which the magistrate judge calculated the limitations period, that is purely a question of law, and there is no genuine dispute of material fact. Summary judgment is appropriate here.

## III.  CONCLUSION

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standards, the court adopts the Report in full and **GRANTS** Respondent's motion for summary judgment, ECF No. 16. The petition, ECF No. 1, is **DENIED**.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[7]

**IT IS SO ORDERED.**

August 5, 2025                                                                 Sherri A. Lydon
Columbia, South Carolina                                                United States District Judge

---

[7] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."